


Case 2:12-cv-00146-TOR   Document 22   Filed 07/31/13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CEDRIC D. BRADLEY,<br><br>                Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                Defendant. | NO: 12-CV-0146-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 15, 18). Plaintiff is represented by Maureen J. Rosette. Defendant is represented by Daphne Banay. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on January 6, 2010, alleging an onset date of November 26, 2009. Tr. 107. His claims were denied initially and on reconsideration. Tr. 67-70, 75-76. Plaintiff appeared at a hearing before an administrative law judge on May 4, 2011. Tr. 36-64. The ALJ issued a decision on June 15, 2011, finding that Plaintiff was not disabled under the Act. Tr. 20-31.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 6, 2010, the application date. Tr. 22. At step two, the ALJ found that Plaintiff had severe impairments, but at step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the listing of impairment. Tr. 22-27. The ALJ determined Plaintiff had the RFC to:

> perform light work as defined in 20 C.F.R. 416.967(b), except as limited below. He can lift and carry 10 pounds frequently and lift no more than 20 pounds at one time. He can stand and/or walk 2 hours at a time in an 8-hour day. He can sit about 6 hours in an 8-hour day. He can occasionally use foot controls with the left lower extremity. He can occasionally climb ramps or stairs but never climb ladders, ropes, scaffolds. He can occasionally balance, stoop, and crouch. He should never kneel or crawl. He should avoid concentrated exposure to

> extreme cold and heat, wetness or humidity, excessive vibration, and irritants such as fumes, odors, dust, chemical and gases. He should avoid moderate exposure to hazards such as unprotected heights and use of moving machinery. He is capable of simple, routine, and repetitive tasks. He is capable of occasional simple work-related decision making. He is capable of occasional changes in the work setting. He can work where there are no fast-paced production requirements. He needs a sit/stand option.

Tr. 27. At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work. Tr. 29. At step five the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy in representative occupations such as a cashier II, a mail clerk, or office helper. Tr. 30. Since the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, a finding of not disabled was made. Tr. 31

On June 24, 2011, Plaintiff requested review by the Appeals Council and submitted a one page letter from Dr. Sikora as additional medical evidence. Tr. 16, 359. On February 3, 2012, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

///

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income under Title XVI of the Social Security Act. Plaintiff has identified two issues for review. First, he "believes that he is more limited from a physical standpoint based on his treating physician's opinion." ECF No. 16 at 9. Specifically, he contends his doctor says he meets a listed impairment. Second, Plaintiff "does not believe that the ALJ properly considered his severe psychological impairments and the limitations from there [sic]." *Id*.

# DISCUSSION

## A. Treating Doctor's Opinion that Plaintiff Meets Listed Impairment

Plaintiff contends that "he may have met or equaled the listing at step three of the sequential evaluation process." ECF No. 16 at 9. He contends his treating physician's letter, submitted to the Appeals Council, "should have been given controlling weight." *Id*. Dr. Sikora's letter dated June 13, 2011, states:

> Please be advised that Cedric Bradley's injury to his left leg meets the medical equivalence to category 1.04A Disorders of the Spine.
>
> Furthermore, Cedric has moderate to severe depression which is currently managed by medication.

Tr. 359.

The Ninth Circuit has recognized that the "regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council

to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision." *Brewes v. Commissioner of Social Sec.*, 682 F.3d 1157, 1162 (9th Cir. 2012)(*citing* 20 C.F.R. § 404.970(b)).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

In this case, the Appeals Council considered and rejected the additional evidence as a basis to change the ALJ's decision, as it was entitled. Tr. 1-2; *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996). To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed

impairment relevant to his or her claim. To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). To be found disabled at step three, Plaintiff had to establish that he met or equaled each of the following characteristics of listing 1.04A, which provides:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)….

*See* 20 C.F.R. § 404, Subpt. P, App. 1, 1.04A. Plaintiff's argument is meritless. Dr. Sikora's medical records do not support his most recent assertion, in fact the records completely contradict it. *See generally*, Tr. 255-346, 359. Dr. Sikora referred Plaintiff for a lumbar MRI on August 4, 2010, to rule out spinal etiologies. Tr. 306. Dr. Sikora recorded that the MRI showed "spine looks ok." Tr. 343. Later, Dr. Martz determined there was no neural compression at the level of his spine and no need for surgery. Tr. 294.

Dr. Sikora's last minute letter contains an unsupported conclusion. The ALJ's findings on the other hand are supported by substantial evidence in the record.

**B. The ALJ's Rejection of the Opinions of Dennis R. Pollack, Ph.D.**

Plaintiff contends that the ALJ did not properly consider his mental impairments.[1] Plaintiff contends it was error to reject Dr. Pollack's conclusion that he would have moderate limitations in the ability to interact appropriately with the general public. Tr. 356. He complains that Dr. Pollack further determined that he would have marked limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an

---

[1] He also supports this argument with Dr. Sikora's letter claiming Plaintiff suffered from moderate to severe depression. ECF No. 16 at 11. Curiously, Plaintiff ignores however, that Dr. Sikora said his depression is "currently managed by medications." Tr. 359. Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits. *Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

unreasonable number and length of rest periods; and accept instructions and respond appropriately to criticism from supervisors. *Id*.

An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of a treating or an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If the opinion of the treating or examining doctor is contradicted by another doctor, the ALJ can reject the opinion by providing specific and legitimate reasons supported by substantial evidence in the record. *Id*.

The Commissioner concedes that some of the reasons given by the ALJ for rejecting Dr. Pollack's opinion were in error. ECF No. 19 at 13. Yet, the Commissioner argues that there were other valid reasons for rejecting Dr. Pollack's opinion, such that the erroneous reasons given were harmless. *Id*.

The Court has reviewed the opinion of Dr. Pollack and recognizes that the ALJ validly rejected his opinion for several valid reasons, the most important being that it was based upon test results that were suggestive of malingering. Tr. 26, 29. Dr. Pollack stated:

> The results of the Minnesota Multiphasic Personality Inventory-2 give him an exceptionally elevated F-scale at t=120. His scores suggest that he was exaggerating his difficulties…. His scores are so high that any interpretation of his scores should be interpreted with caution.

\* \* \*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

> [Plaintiff] was administered the Test of Memory and Malingering. His scores were very poor….. His score for Trial B suggest malingering.

Tr. 351-52.  While Plaintiff contests the conclusion that he was malingering, "[w]hen there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-957 (9th Cir. 2002).  A district court may not substitute its judgment for that of the Commissioner.  If the evidence "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

The Commissioner provided at least one clear and convincing reason for rejecting Dr. Pollack's conclusions.  Substantial evidence in the record supports the ALJ's findings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

///

///

///

///

3. The hearing on cross motions for summary judgment scheduled for February 10, 2014 is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** July 31, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14